UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 14-cv-23337-Moore/McAliley

CHARLES E. McCLAIN, Sr., ROBERT )
RAFA, AND CONRAD MATT, Individually )
and on Behalf of All Others Similarly )
Situated, )
)
        Plaintiff, )
)
v. )
)
IRADIMED CORPORATION, ROGER )
SUSI, AND FRANCIS X. CASEY, )
)
        Defendants. )

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S NOTICE OF
SUPPLEMENTAL AUTHORITY [ECF. No. 37] OR IN THE ALTERNATIVE
MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' NOTICE OF
<u>SUPPLEMENTAL AUTHORITY [ECF No. 37]</u>**

    Pursuant to Local Rule 7.1(c), Defendants, Iradimed Corporation, Roger Susi and Francis X. Casey ("collectively Defendants") submit their Motion to Strike Plaintiffs' Notice of Supplemental Authority [ECF No. 37] or in the alternative seek leave to file a Response to Plaintiffs' Notice of Supplemental Authority.

<u>**INTRODUCTION**</u>

    The Southern District of Florida permits filing of supplemental authority. Defendants do not dispute that the case cited by Plaintiffs in their notice was decided after the briefings were closed. However, Defendants are forced to file this Motion to Strike because Plaintiffs' Notice of Supplementary Authority was filed in complete disregard of the local rules. First, the notice

was filed without leave of court; second, the notice contains legal argument; and third, the notice contains legal argument that was not raised in Plaintiffs' Opposition.  As a result, this Court should strike the Notice of Supplemental Authority, and if the Court decides not to strike the notice and/or the supplemental authority, it should provide leave for the Defendants to file a two-page response addressing the supplemental authority.

## LEGAL STANDARD

Local Rule 7.1(c) authorizes only opposing and reply briefs, and further provides that "[n]o further or additional memoranda of law *shall be filed without prior leave of Court*."  L.R. 7.1(c) (emphasis added).  Notices of supplemental authority "should not make legal argument" and should not "raise issues for the first time."  *Girard v. Aztec RV Resort, Inc.*, 10-62298-CIV, 2011 WL 4345443, at *2-3 (S.D. Fla. Sept. 16, 2011).

## ARGUMENT

### I.   The Court should Strike Plaintiffs' Notice of Supplemental Authority because it Violates Local Rule 7.1(c).

Plaintiffs' Notice of Supplemental Authority violates Local Rule 7.1(c) in a number of ways, and as a result, it should be stricken.  As an initial matter, the notice contains legal argument making it a brief that may not be filed without leave of Court.  Local Rule 7.1(c) clearly prohibits further briefings without the movant first obtaining leave of Court.  Plaintiffs' did not seek leave of court before filing their notice nor does the notice contain any arguments which would allow Plaintiffs to avoid the clear prohibitions stated in Local Rule 7.1(c).  As a result, the Court should strike the notice in its entirety on this basis alone.

If the Court considers the Notice of Supplemental Authority a legitimate notice that does not require leave of Court before filing, then the Court should strike the contents of the notice itself to the extent it sets out legal argument.  Notices of Supplemental Authority should attach

the new authority and do nothing more. Therefore, if the Court is not going to strike the entire filing then it should strike all legal argument contained in the notice.

Furthermore, one of the arguments raised in the Notice of Supplemental Authority concerns judicial notice. This argument was not raised in Plaintiffs' Opposition to Defendants' Motion to Dismiss. Accordingly, this failure provides an independent basis for striking that portion of Plaintiffs' Notice of Supplemental Authority.

### II.  In the Alternative, Defendants Should Have The Opportunity To File A Two-Page Reply.

There is no doubt that Plaintiffs' inclusion of legal briefing in its Notice of Supplemental Authority was an improper attempt to influence the Court. The Plaintiffs calculated that even if the Court struck the notice, the Court would have still read its briefing. Defendants should not be prejudiced by these improper and unfair tactics.

If the Court decides to consider the supplemental authority and finds the supplemental authority is material to the outcome of its decision on Defendants' Motion to Dismiss, then as a matter of fairness, the Court should grant Defendants leave to file a response no longer than two pages addressing the supplemental authority.

### CONCLUSION

For the reasons stated above, the Court should strike Plaintiffs' Notice of Supplemental Authority, or in the alternative, should grant Defendants leave to file a two-page response.

### RULE 7.1 CERTIFICATION

Pursuant to Rule 7.1(a)(3) the undersigned has conferred with counsel for the Plaintiffs in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: March 26, 2015                                         Respectfully submitted,

*s/Jonathan B. Morton*
Jonathan B. Morton
K&L GATES LLP
Southeast Financial Center - Suite 3900
200 South Biscayne Blvd.
Miami, FL 33179
Telephone: +1 305 539-3357
Facsimile: +1 305 358 7095

Michael J. Quinn (*pro hac vice*)
Kevin Asfour (*pro hac vice*)
Christina Goodrich (*pro hac vice*)
K&L GATES LLP
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Counsel for Iradimed Corporation, Roger Susi, and Francis X. Casey

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of March 2015, a true and correct copy of the foregoing was served via CM/ECF system on all counsel or parties of record on the service list.

/s/ *Jonathan B. Morton*
Jonathan B. Morton

**SERVICE LIST**
**14-cv-23337-KMM**

**Laurence Rosen**
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10116
212-686-1060
Fax: 212-202-3827
Email: lrosen@rosenlegal.com
LEAD ATTORNEY
Attorney for Plaintiffs